KHOUZAM, Judge.
Albert Stevens appeals the order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm but remand for correction of two scrivener’s errors.
First, Stevens’ judgment incorrectly cites to the felony murder statute even though Stevens actually pleaded to second-degree murder with a firearm. Relying on the incorrect judgment, Stevens asserted that he entered a no contest plea to felony murder. However, the plea form and the plea hearing transcript reveal that Stevens was originally charged with first-degree murder but entered a plea to second-degree murder with a firearm. Neither the transcript nor the plea form contains any mention of felony murder. We directed the clerk of court to supplement the record with Stevens’ judgment. It states that Stevens pleaded to “lesser 2nd Degree murder w/Firearm,” but it cites the felony murder statute. The citation of the felony murder statute is clearly a scrivener’s error that must be corrected on remand.
The other scrivener’s error is on Stevens’ sentence. The trial court imposed a twenty-five-year minimum mandatory *486 term as part of Stevens’ sentence, but it incorrectly checked the capital offense provision on the written sentence in an attempt to reflect that term. This scrivener’s error must also be corrected on remand.
Accordingly, we affirm the order denying Stevens’ postconviction motion but we remand for correction of these two scrivener’s errors.
Affirmed; remanded with directions.
ALTENBERND and MORRIS, JJ., Concur.